## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIRANDA TAIT** | CIVIL ACTION NO. _____ |
| **VERSUS** | JUDGE: _____ |
| **MONY LIFE INSURANCE COMPANY OF NORTH AMERICA, GROUP LONG TERM DISABILITY INSURANCE PLAN, POLICY NUMBER 004990** | MAGISTRATE JUDGE: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

The Complaint of Miranda Tait, a resident of the full age of majority of Lafayette Parish, Louisiana, who respectfully represents:

1.

Pursuant to 28 U.S.C. §1331, Federal Question Jurisdiction is present herein. Pursuant to 29 U.S.C. 1132(e)(2), venue is proper within this judicial district as it is where Petitioner filed a claim for long-term disability benefits, where her claim was denied, and where defendants are subject to the Court's jurisdiction. Furthermore, the records of Petitioner's disability are located within this judicial district.

2.

Defendants enumerated below are justly and truly indebted unto Petitioner for long-term disability benefits, costs of these proceedings, attorney's fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity:

    1. MONY Life Insurance Company of North America (hereinafter "MONY"), as the Plan Administrator of the Group Long Term Disability Insurance Plan, Policy Number 004990 for employees of the Advocacy Center; and

2. Group Long Term Disability Insurance Plan, Policy Number 004990 (hereinafter "GLTDI Plan"), a long-term disability insurance plan as defined and governed by ERISA.

3.

The GLTDI Plan provides long-term disability benefits to qualified participants defined as "disabled" for employees and/or former employees of the Advocacy Center.  Petitioner is a participant of the GLTDI Plan, Policy Number: 004990, as she was an employee of the Advocacy Center and she is totally disabled within the meaning and intent of the Plan and law.

4.

In 2005, Petitioner began working as an attorney for the Advocacy Center.  She was a full-time attorney working over thirty (30) hours per week with her employer, the listed policyholder.  She worked at its office and occasionally, was required to travel throughout Louisiana for various court appearances, depositions, and client meetings.

5.

While working for the Advocacy Center in 2018, Petitioner was diagnosed with neurosarcoidosis, an extremely rare, life-threatening neurodegenerative disease which affects Petitioner's central nervous system, causing among other symptoms, her depression and anxiety. Petitioner's neurosarcoidosis significantly limits her cognitive abilities and causes hearing loss, headaches, speech problems, mood swings, anxiety, depression, memory loss, dementia, and vision impairments.  These side effects are completely unpredictable and render Petitioner completely incapable of working.  Petitioner also suffers from multiple sclerosis.

6.

Petitioner's last day of work at the Advocacy Center was on December 31, 2018.  As a

result of her neurosarcoidosis, and accompanying depression and anxiety, she became unable to perform any part of her job, qualifying her for benefits under the GLTDI Plan. On February 8, 2019, Petitioner timely filed a claim for long-term disability benefits.

7.

Pursuant to the GLTDI Plan, Petitioner is disabled and is eligible for long-term disability benefits. Section "Eligibility and Enrollment" of the GLTDI Plan provides:

> Eligible Persons: *Who is eligible for coverage?*
> All persons in the class or classes shown in the Schedule of Benefits will be considered Eligible Persons.
>
> Eligibility for Coverage: *When I become eligible?*
> You will become eligible for coverage on the later of:
> (1) The Policy Effective Date; or
> (2) The date on which You complete the Eligibility Waiting Period for Coverage shown in the Schedule of Benefits, if applicable.
> . . .
> Effective Date: *When does my coverage start?*
> Your coverage will start on the date You become eligible.
> . . .
> Deferred Effective Date: *When will my effective date for coverage . . . be deferred?*
> If YOU are absent from work due to:
> >  (1) accidental bodily injury;
> >  (2) sickness;
> >  (3) mental illness;
> >  (4) substance abuse; or
> >  (5) pregnancy
>
> on the date Your coverage . . . would otherwise have become effective. Your coverage . . . as applicable will not become effective until the date You are Actively at Work one full day.

The GLTDI Plan defines:

> **Actively at Work** means at work with the Employer on a day that is one of the Employer's scheduled workdays. On that day, You must be performing for wage or profit all of the regular duties of Your Occupation:
> >  (1) in the usual way; and
> >  (2) For your usual number of hours.
>
> We will consider You Actively at Work on a day that is not a scheduled workday only if You were Actively at Work on the preceding scheduled workday.

**Employer** means the Policyholder

**Your Occupation** means Your Occupation as it is recognized in the general workplace.  Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location.

8.

According to the GLTDI Plan's Certificate of Insurance, the Plan's "effective date" is January 1, 2019.  Petitioner's "coverage" started on January 1, 2019.  While Petitioner did not work on January 1, 2019, this date was a national holiday.  Petitioner was "actively at work" on December 31, 2018, the day immediately preceding January 1, 2019, which is not a legal holiday.  On December 31, 2018, Petitioner performed the regular and general duties as an attorney in the "usual way" for the "usual number of hours".

9.

Petitioner is also eligible for long-term disability benefits according to the "Continuity from a Prior Policy" Section of the GLTDI Plan:

> Continuity from a Prior Policy: *Is there continuity of coverage from a Prior Policy?*
> If You were:
>     (1) insured under the Prior Policy; and
>     (2) not eligible to receive benefits under the Prior Policy;
> on the day before the Policy Effective Date, the Deferred Effective Date provision will not apply.

"Prior Policy" is defined under the GLTDI Plan as "long-term disability insurance carried by the Employer on the day before the Policy Effective Date."  On December 31, 2018, the Advocacy Center provided Petitioner long-term disability benefits administered by Principal Life Insurance Company.  Petitioner was insured under Principal's policy and did not receive long-term disability benefits from Principal.

10.

Petitioner meets the definition of "disabled" under the GLTDI Plan, entitling her to long-

4

term disability benefits.  The GLTDI Plan provides:

> Disability Benefit: What are my Disability Benefits under The Policy?
> We will pay You a Monthly Benefit if You:
> 1) become Disabled while covered under the Policy;
> 2) are Disabled throughout the Elimination Period;
> 3) remain Disabled beyond the Elimination Period; and
> 4) submit Proof of Loss to Us. . . .

And defines:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of your Indexed Pre-disability earnings; and
> 3) and after that, 80% of any Occupation.
> . . .
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy
>
> **Elimination Period** means the longer of the number of consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable . . .
>
> **Essential Duties** means duty, that in Our determination:
> 1) is substantial, not incidental;
> 2) is fundamental or inherent to the occupation; and
> 3) cannot be reasonably omitted or changed.

11.

Petitioner qualifies for benefits.  Petitioner timely submitted proof of loss/disability by completing all necessary forms and providing defendants her medical records from 2017-present, evidencing her neurosarcoidosis and accompanying depression/anxiety.  Petitioner's medical records show that as of January 1, 2019, and following the ninety (90) day Elimination Period, she is unable to perform any essential function as an attorney.  Her medical records further show that

she is essentially bedridden and is being treated for "elevated levels of care", including neurocognitive testing and eleven (11) electro-conclusive (ECT) therapy procedures under general anesthesia at Baton Rouge General Hospital's surgical ward. Petitioner is under the care, received treatment, and undergone evaluations by her treating physicians, who confirm she cannot return back to work. Her monthly earnings have been less than 80% of her salary prior to her disability. Petitioner's benefits are presently payable.

12.

Petitioner is not excluded or limited to long-term disability benefits under the GLTDI Plan. Petitioner's disability is not caused/contributed by war/act of war, commission or attempt to commit a felony, engagement in an illegal occupation, and intentional self-inflicted injury. Petitioner does not presently receive long-term disability benefits under another plan and does not suffer from a pre-existing condition, as defined by the GLTDI Plan.

13.

On March 15, 2019, defendant MONY denied Petitioner's long-term disability claim, claiming she was not "actively at work" and "do[es] not meet the provisions for a deferred effective date". This determination was made despite Petitioner's disabled status on January 1, 2019, and without performing any actual assessment of her disability.

14.

On September 10, 2019, Petitioner timely appealed the denial of her benefits. In support, Petitioner provided defendant MONY additional documentation proving that she was disabled on January 1, 2019. Attached to Petitioner's appeal were two (2) letters from her treating physicians, Dr. Bridget Bagert and Dr. Joni Orazio. Dr. Bagert stated:

> Ms. Tait is severely disabled by her medical and psychiatric conditions . . . [Ms. Tait] acquired permanent physical disability and her psychiatric conditions have

> progressively deteriorated. She has experienced recent suicidal ideation and her psychiatrist has recommended inpatient treatment and is considering ECT. Ms. Tait is incapable of working even a low-stress, part-time job because of her combined physical and psychiatric conditions, and this disability is likely to last beyond one year. I fully support her application for disability. . . .

For her part, Dr. Orazio confirmed that Petitioner suffers from generalized anxiety disorder, major depression, post-traumatic stress disorder, and neurosarcoidosis, and opined:

> [Ms. Tait has] [f]unctional limitations include severely impaired executive functioning, severe depression, and significant anxiety. Due to these symptoms she is unable to cognitively complete even simple activities, therefore requiring a great deal of assistance from her husband who is currently curtailing his work to care for her. She cannot fulfill the functional requirements to work in any capacity at this time.
>
> It is my medical opinion that Miranda is fully disabled at this time due to profound depression and anxiety. Miranda is unable to even care for herself in her home at this time. She requires assistance from her husband. She isolates and does not leave the house. She no longer drives. She will begin ECT three times a week in hopes to improve her current functioning and mental health status.

15.

Petitioner further provided defendant MONY her medical records from 2017-2019, including from Dr. Bagert, Dr. Orazio, Dr. Elizabeth McClain, B&L Management, Camelia House Counseling & Aging, The Grove, Ochsner Multiple Sclerosis Center, and University of Texas Southwestern Medical Center. All of Petitioner's records support that she was disabled and suffering from neurosarcoidosis, and accompanying depression and anxiety, on January 1, 2019. Petitioner also provided defendant MONY the Social Security determination finding Petitioner was "disabled".

16.

On December 11, 2019, defendants arbitrarily and capriciously decided Petitioner was eligible for long-term disability benefits but only under its "mental nervous limitation". While the GLTDI Plan does not provide for a "mental nervous" exception and, in fact, that phrase is nowhere

7

found, defendants nonetheless unilaterally limited Petitioner's long-term disability benefits to only two (2) years ending on April 2, 2021. However, based on the medical documentation Petitioner provided defendants, her depression and anxiety is secondary to her neurosarcoidosis disease. Petitioner's neurosarcoidosis, accompanied by her anxiety and depression, renders her totally "disabled".

17.

Petitioner exhausted all administrative procedures and remedies under the GLTDI Plan and ERISA.

18.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), Petitioner contends defendants are liable for their arbitrary and capricious denial of her long-term disability benefits. Petitioner seeks recovery of these denied benefits to which she is entitled as a matter of law.

19.

Alternatively, pursuant to 29 U.S.C. § 1109, *et. seq.*, defendant MONY is a fiduciary in connection with the GLTDI Plan as the Plan Administrator and owes Petitioner duties of loyalty, prudence, and fair dealing. Petitioner contends defendant MONY breached its fiduciary duties owed to her by denying her long-term disability benefits. Defendant MONY's actions are inconsistent with the reasonable expectations of Petitioner and are contrary to the established claims practices, legal requirements, and terms of the GLTDI Plan and the law. Pursuant to 29 U.S.C. §1132(a)(3), defendant MONY is liable unto Petitioner for any and all equitable remedies as a result of their breach of fiduciary duties owed to her.

20.

Pursuant to 29 U.S.C. § 1132 *et seq.*, Petitioner contends she is entitled to and desires an

award of attorney's fees.

21.

Petitioner is entitled to and desires an award of all such other relief to which she is entitled at law or in equity.

WHEREFORE, Petitioner, Miranda Tait, prays after due proceedings are had, that there be a Judgment herein in her favor and against defendants, MONY Life Insurance Company of America and the Group Long Term Disability Insurance Plan, Policy Number 004990, for long-term disability benefits, costs of these proceedings, attorney's fees, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or equity.

          RESPECTFULLY SUBMITTED,

          By: _/s Jill L. Craft _____
          Jill L. Craft, T.A., La. Bar Roll No. 20922
          W. Brett Conrad, Jr., La. Bar Roll No. 37639
          Jill L. Craft Attorney at Law, LLC
          330 Government Street
          Baton Rouge, Louisiana 70802
          Telephone: (225) 663-2612
          Fax: (225) 663-2613