UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MIRANDA TAIT**                                **CASE NO. 6:20-CV-00704**

**VERSUS**                                      **JUDGE SUMMERHAYS**

**MONY LIFE INSURANCE CO OF**                   **MAGISTRATE JUDGE**
**NORTH AMERICA ET AL**                         **WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss filed by MONY Life Insurance Company of America. (Rec. Doc. 5). Plaintiff, Miranda Tait, opposed the Motion (Rec. Doc. 9). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that MONY's Motion to Dismiss be DENIED.

### Factual Background

Plaintiff filed this suit seeking long term disability benefits from the group long term disability policy issued by MONY to Plaintiff's employer, the Advocacy Center. According to the Complaint, Plaintiff was diagnosed in 2018 with neurosarcoidosis, a neurodegenerative disease affecting her central nervous system, which caused depression, anxiety, limitation of cognitive abilities, hearing loss, headaches, speech problems, mood swings, memory loss, dementia, and vision

impairments. (Rec. Doc. 1, ¶5). She last worked at the Advocacy Center as an attorney on December 31, 2018 and became disabled on January 1, 2019. (Rec. Doc. 1, ¶6). She alleged that she qualified for long term disability benefits under the terms of the MONY policy, that she timely submitted proof of her disability, and that MONY initially denied her claim for benefits on March 15, 2019. (Rec. Doc. 1, ¶7-13). Plaintiff appealed, and in December 2019, MONY determined that she was eligible for long-term disability benefits but only under its "mental nervous limitation." (Rec. Doc. 1, ¶14-16). Plaintiff alleges MONY arbitrarily and capriciously denied her long-term disability benefits beyond a two-year period and failed to consider her neurosarcoidosis, to which her mental conditions are only secondary. (Rec. Doc. 1, ¶16-18). Plaintiff seeks to recover benefits pursuant to 29 U.S.C. §1132(a)(1)(B), and alternatively, pursuant to 29 U.S.C. §1132(a)(3).

MONY filed the instant Motion to Dismiss on the grounds that Plaintiff did not exhaust her administrative remedies prior to filing this suit, because Plaintiff is currently receiving benefits and because MONY has not denied future benefits. MONY attached a copy of its long-term disability policy and correspondence between MONY, Plaintiff, and Plaintiff's counsel. (Rec. Doc. 5-2 – 5-6).

## Law and Analysis

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the

pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Plaintiff seeks to enforce her claim for long-term disability under MONY's policy pursuant to 29 U.S.C. §1132(a)(1)(B). MONY contends that it has, in fact,

accepted her claim and is making payments under the terms of the policy, such that Plaintiff's claims are premature and constitute a failure to exhaust administrative remedies. In support of its position, MONY attached its policy and five letters. Of particular importance,is the December 11, 2019 letter from MONY to Plaintiff's counsel, which advises that Plaintiff's claim for long term disability benefits was approved. (Rec. Doc. 5-5). Plaintiff disputes the contents and effect of the December 11, 2019 letter. Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007).

The Court acknowledges that the MONY policy and some of the letters attached to MONY's motion were referenced in the complaint and are central to Plaintiff's claim. (Compare e.g. Rec. Doc. 1, ¶16 and Rec. Doc. 5-5). However, Plaintiff claims that two of the letters attached to MONY's motion were "altered from the original documents sent to Mrs. Tait," and were "manipulated." (Rec. Doc. 9, p. 6). Although the Court could convert the motion to a motion for summary judgment (with the appropriate notice and opportunity to supplement), the Court is not inclined to do so here, where Plaintiff's allegations of altered or manipulated

documents indicate discovery will be needed to resolve such factual issues. Hence, the Court's analysis is confined to the allegations within the Complaint.

Plaintiff alleges that she was disabled due to neurosarcoidosis and accompanying depression/anxiety as of January 1, 2019, within MONY's policy period. (Rec. Doc. 1, ¶3-10). The Complaint alleges details regarding her diagnosis, the terms of the MONY policy, and MONY's alleged limitation of the payment of benefits to a two-year period under its "mental nervous limitation." (Rec. Doc. 1, ¶16). Although the December 11, 2019 letter attached to MONY's motion suggests the benefits were not actually limited, the Court will not consider the disputed evidence at this stage of the proceedings. Thus, the Court finds that Plaintiff has stated a claim for benefits pursuant to 29 U.S.C. §1132(a)(1)(B). The Court may reconsider the issue upon the filing of a properly supported motion for summary judgment.

## Conclusion

For the reasons discussed herein, the Court recommends that MONY's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 5) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of October, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE