UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MIRANDA TAIT** | **CASE NO. 6:20-CV-00704** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MONY LIFE INSURANCE CO OF NORTH AMERICA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by Defendant, MONY Life Insurance Company of America. (Rec. Doc. 19). Plaintiff opposed the Motion (Rec. Doc. 35), and Defendant replied (Rec. Doc. 45). Plaintiff separately moved for relief under F.R.C.P. Rule 56(d) (Rec. Doc. 26) and moved to conduct limited discovery (Rec. Doc. 28). Defendant opposed the latter Motions. (Rec. Doc. 38). Defendant also filed a Reply to Plaintiff's opposition to Defendant's Motion for Summary Judgment. (Rec. Doc. 45).  The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that MONY's Motion for Summary Judgment be granted.

## Factual Background

Plaintiff filed this suit seeking long term disability benefits from the group long term disability policy issued by MONY to Plaintiff's employer, the Advocacy Center. According to the Complaint, Plaintiff was diagnosed in 2018 with neurosarcoidosis, a neurodegenerative disease affecting her central nervous system, which caused depression, anxiety, limitation of cognitive abilities, hearing loss, headaches, speech problems, mood swings, memory loss, dementia, and vision impairments. (Rec. Doc. 1, ¶5).

Although MONY initially denied Plaintiff's claim for disability benefits, Plaintiff appealed, and in December 2019, MONY accepted Plaintiff's claim. (Rec. Doc. 19-1, p. 11-26). MONY approved disability payments for two years under the policy's mental illness limitation. (Rec. Doc. 19-1, p. 11-13). Pursuant to MONY's acceptance of the claim, at the expiration of the two-year period, on April 2, 2021, Plaintiff's disability would be reassessed under the "Any Occupation" standard. Defendant's counsel confirmed at the April 19, 2021 telephone hearing that Plaintiff continues to receive disability benefits during the currently pending administrative review to determine whether Plaintiff is entitled to continuing benefits. Plaintiff's counsel did not deny that Plaintiff continues to receive benefits.

MONY initially filed a Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) on the grounds that Plaintiff failed to exhaust her administrative remedies, because

she was receiving disability benefits under the policy. MONY relied on its letters to Plaintiff, and particularly its December 2019 letter to Plaintiff stating that her claim had been accepted. The Court denied MONY's Motion based on Plaintiff's allegations that MONY had "altered" or "manipulated" the letters. (Rec. Doc. 15, adopted at Rec. Doc. 16).

MONY's instant Motion for Summary Judgment raises the same argument—that Plaintiff's claims are premature, because MONY has accepted her claim and is paying benefits pursuant to the policy. In support of its Motion, MONY attached the affidavit of its representative explaining why the letters sent to Plaintiff differed from those contained in MONY's file. (Rec. Doc. 19-1, p. 1-4). Due to a re-branding, the letters sent to Plaintiff contained a different letterhead than those maintained in the claim system. (Rec. Doc. 19-1, p. 1-2, ¶4-10). Due to the electronic claim system, the letters sent to Plaintiff contained a bar code and claim ID, while the letters maintained in the system did not retain the bar code and claim ID. (Rec. Doc. 19-1, p. 1-2, ¶4-10). Other than the differing letterheads and the existence of a bar code and claim ID, the letters sent to Plaintiff and the letters maintained in the claim file are substantively identical. (Rec. Doc. 19-1, p.4, ¶16). Plaintiff admits as much. (Rec. Doc. 28-1, p. 1).

## **Law and Analysis**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir.2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir.2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir.2005).

### I. Plaintiff's Motions for F.R.C.P. Rule 56(d) Relief and to Conduct Limited Discovery.

F.R.C.P. Rule 56(d) provides non-movants the opportunity to conduct discovery for the purpose of opposing a motion for summary judgment. The Fifth Circuit explained the standard as follows:

> Rule 56(d) allows the district court to provide additional time for discovery before ruling on a motion if the nonmovant shows an inability to support its opposition factually. While Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact. More specifically, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.
>
> In evaluating district courts' rulings on Rule 56(d) motions, we generally assess whether the evidence requested would affect the

outcome of a summary judgment motion. This court has found an abuse of discretion where it can identify a specific piece of evidence that would likely create a material fact issue. *E.g.*, *Hinojosa v. Johnson*, 277 Fed.Appx. 370, 378 (5th Cir. 2008). In contrast, this court has found no abuse of discretion where the party filing the Rule 56(d) motion has failed to identify sufficiently specific or material evidence to affect a summary judgment ruling. *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757–58 (5th Cir. 2016).

*Smith v. Reg'l Transit Auth.,* 827 F.3d 412, 422–23 (5th Cir. 2016) (cleaned up).

Also pertinent to the instant motions is the scope of available discovery in ERISA actions. The parties may conduct limited discovery regarding the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258, 263 (5th Cir. 2011). However, the court must be particularly mindful of the frequency and extent of discovery under F.R.C.P. Rule 26(b) *Id.* at 264.

Plaintiff admits the substance and signatures of the letters she received and those maintained in the claim file are the same. (Rec. Doc. 28-1, p. 1). Nonetheless, Plaintiff moved for the opportunity to conduct discovery for "any and all documents relating to [her] benefits, claims, and appeals…," and to depose MONY representatives regarding the purportedly "altered" letters and claims notes "confirming denial of benefits." Plaintiff failed to identify any specific factual issue

6

her requested discovery could create. She admits the pertinent letters are substantively identical. Her pivotal argument is that her claim was denied based on her interpretation of the December 2019 letter. In admitting that the substance of the letters is identical, she has failed to identify any specific factual issue that discovery might reveal. Accordingly, the Court finds the discovery sought would not affect the outcome of the summary judgment and denies Plaintiff's Motions for to Conduct Limited Discovery and for Relief under F.R.C.P. Rule 56(d). (Rec. Doc. 26 and 28). The Court further finds that MONY's explanation for the (non-substantive) differences of the letters is adequate.

## II. Defendant's Motion for Summary Judgment.

MONY argues that Plaintiff's suit should be dismissed, because her claim is premature as she is receiving disability benefits under the policy. "[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits. *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). "The policies behind the exhaustion requirement include upholding Congress's desire that ERISA trustees and not the federal courts be responsible for the actions of plan administrators, providing a clear record of administrative action if litigation ensues, and allowing judicial review of fiduciary action or inaction under the abuse of discretion standard, where applicable, rather than *de novo*." *Id.* at fn. 4.

7

MONY presented evidence that Plaintiff is receiving disability benefits under the mental illness limitation, and that this limitation expired on April 2, 2021. (Rec. Doc. 19-1). MONY's counsel affirmed, and Plaintiff has not disputed, that Plaintiff continues to receive benefits. Under the MONY policy, disability benefits are payable due to Mental Illness or Substance Abuse if the insured is incapable of performing "Your Occupation." These benefits are limited to a total of 24 months. (Rec. Doc. 19-1, p. 13, quoting policy at Rec. Doc. 19-1, p. 53-54. See also p. 62). Thereafter, disability benefits are payable if the insured is incapable of performing "Any Occupation," as determined under the terms of the policy. (Id.) MONY's December 2019 letter accepting the claim advised that the Mental Illness limitation would expire on April 2, 2021. That date having now expired, Plaintiff's eligibility for benefits is subject to the "Any Occupation" determination based on Plaintiff's *physical* condition. MONY continues to pay disability benefits while the determination for continuing benefits is assessed.

Plaintiff's pivotal argument in these proceedings is that MONY has denied her claim for benefits; however, Plaintiff has not presented any evidence that her claim has been denied. She relies on the MONY December 2019 letter for her argument that her claim was limited to two years based on the mental illness limitation. The Court finds that Plaintiff's argument is contradicted by the letter, the policy, and even her own evidence. The December 2019 letter awarded Plaintiff

benefits based on the mental illness limitation, which expired after two years, on April 2, 2021. Defendant's counsel confirmed, and Plaintiff's counsel did not dispute, that Plaintiff is currently receiving benefits and will continue to do so through the pending administrative review. Further, the claim notes which Plaintiff filed in the record state that the claim was approved in December 2019. According to the claim note, the MONY representative further advised Plaintiff's counsel in January 2020 that if Plaintiff's physical condition changed after 24 months, the claim would be reviewed accordingly. (Rec. Doc. 26-4). The claim notes further support that the claim is currently under administrative review. (Rec. Doc. 26-4, p. 1-2). Plaintiff's continued argument that MONY denied her claim after the two-year period is unsubstantiated and fails to raise any material issues of fact. Thus, the Court finds that MONY's Motion for Summary Judgment should be granted. The claim should be dismissed pending completion of the administrative review process to determine whether Plaintiff is eligible for continuing benefits due to a physical disability.

## Conclusion

For the reasons discussed herein, the Court recommends that MONY's Motion for Summary Judgment be GRANTED and that Plaintiff's claims be dismissed without prejudice, pending resolution of the ongoing administrative review.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of May, 2021.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**